UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BRANDON GRANT

        PLAINTIFF

- Against -

THE CITY OF NEW YORK; Police Officer Nadine Noa, Shield No. 17458; Police Officers John Does 1-10

        DEFENDANTS

------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

18-CV-1792 (ALC) (SDA)

JURY TRIAL DEMANDED

Plaintiff BRANDON GRANT by his attorney, BRIAN HUTCHINSON, ESQ., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.
3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.
4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a resident of the State of New York.

7. Defendant City of New York is a municipal corporation organized under the law of the State of New York. It operates the New York City Police Department, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times hereinafter mentioned, the individually named defendants P.O. Nadine Noa, shield number 17458, and P.O.'s "JOHN DOE's #1-10 were duly sworn police officers of the NYPD, and were acting under the supervision of said department and according to their official duties. P.O. Noa, as well as JOHN DOE's 1-10 are sued in their individual and official capacities.

9. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

## STATEMENT OF FACTS

10. On February 8, 2017 at approximately 11:55 a.m., plaintiff was legally standing on the sidewalk in the vicinity of 86th Street and Lexington Avenue, New York County.

11. Plaintiff was not committing any crime, nor had any member of the NYPD witnessed plaintiff engage in any criminal behavior.

12. Defendants, including P.O. Nadine Noa and John Does 1-10 approached the plaintiff while he standing on the sidewalk.

13. Plaintiff objected to the unwarranted intrusion.

14. Defendants, including P.O. Noa and John Does 1-10, grabbed the plaintiff, threw him against the wall, and placed him under arrest.

15. Plaintiff was put into a marked NYPD patrol car in handcuffs.

16. The defendants searched the plaintiff.
17. Plaintiff was taken to the 19th Precinct and charged with Begging Within 10 Feet of a Bank or ATM pursuant to Administrative Code § 10-136(b)(2).
18. Plaintiff was in NYPD custody at the 19th Precinct for approximately 8 hours.
19. During his time in the 19th precinct plaintiff was stripped searched by members of the NYPD.
20. Plaintiff was released with a Desk Appearance Ticket (DAT) to return to court April 11, 2017.
21. P.O. Noa and P.O.'s John Does 1-10, acting in concert and with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Begging Within 10 Feet of a Bank or ATM.
22. Plaintiff was arraigned on April 11, 2017 in Criminal Court, New York County.
23. Plaintiff made approximately 3 court appearances related to this case.
24. The case was adjourned in contemplation of dismissal on June 27th, 2017.

**FIRST CLAIM FOR RELIEF**

**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

25. Plaintiff repeats and realleges each and every allegation set forth herein.
26. All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.
27. All of the aforementioned acts deprived plaintiff of the rights privileges, and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and are in violation of 42 U.S.C. § 1983.
28. The aforementioned individual defendants in their capacities as police officers carried out the acts complained of, with all of the actual and/or apparent authority attendant thereto.
29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, Collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL STOP AND SEARCH UNDER 42 U.S.C. § 1983

31. Plaintiff repeats and realleges each and every allegation set forth herein.
32. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.
33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. §1983

34. Plaintiff repeats and realleges each and every allegation set forth herein.
35. No officer observed plaintiff commit a crime on February 8, 2017.
36. At no time on February 8, 2017 did the plaintiff commit a crime.
37. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody, caused to be falsely imprisoned, detained and confined without any probable cause.
38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## FABRICATION OF EVIDENCE UNDER 42 U.S.C. §1983

39. Plaintiff repeats and realleges each and every allegation set forth herein.
40. The individual defendants created false evidence against each of the plaintiffs and forwarded such false evidence to the New York County District Attorney's Office.

41. In creating such false evidence, the defendants violated the plaintiff's constitutional rights to due process.
42. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments to the United States Constitution.
43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:
  I.  Compensatory damages against all defendants, jointly and severally;
  II. Punitive damages against the individual defendants, jointly and severally;
  III. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
  IV. Such other and further relief as this Court deems just and proper.

DATED:   February 27, 2018
         New York, New York

_____/s/_____
Brian Hutchinson, Esq.
305 Broadway
Suite 1400
New York, NY 10007
(212) 323-7418